
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA
DEC 23 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| EFRAIN BENITEZ<br>FED. REG. NO. 40312-018 | CIVIL ACTION NO. 08-1018 |
| VS. | SECTION P<br>JUDGE TRIMBLE |
| WARDEN, U.S. PENITENTIARY | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on July 11, 2008 by *pro se* petitioner Efrain Benitez. Petitioner, an inmate in the custody of the Federal Bureau of Prisons, is incarcerated at the United States Penitentiary - Pollock, Pollock, Louisiana. He attacks his 2002 convictions for drug and immigration related offenses in the United States District Court for the Middle District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On August 21, 2002, petitioner was indicted in the United States District Court for the Middle District of Florida. He was charged with conspiracy to distribute and to possess with intent

to distribute more than 500 grams of methamphetamine, distribution and possession with intent to distribute more than 50 grams of methamphetamine, and illegal reentry into the United States following deportation. [rec. doc. 1, ¶2-3] Petitioner pled guilty to the illegal reentry charge. Following trial by jury in October 2002 he was found guilty as charged of the drug offenses. On January 21, 2003, petitioner was sentenced to life imprisonment pursuant to statutory sentencing enhancement as provided by 21 U.S.C. §851. [rec. doc. 1, ¶4-6]

On December 23, 2003, petitioner's convictions and sentences were affirmed on direct appeal to the Eleventh Circuit Court of Appeal. <u>United States v. Benitez</u>, 90 Fed. Appx. 382 (Table). Petitioner did not seek *certiorari* in the United States Supreme Court nor did he collaterally attack his convictions or sentence through a §2255 Motion to Vacate. [rec. doc. 1, ¶7-8]

On April 16, 2007 petitioner filed a *habeas corpus* petition in this court. Therein he argued that he was "actually innocent" of the sentence enhancement that resulted in the imposition of a life sentence under 21 U.S.C. §851. He maintained that the trial court erred when it enhanced his sentence based on prior felony drug convictions for "simple possession" of cannabis and marijuana under Florida law. On January 9, 2008 his petition was denied and dismissed with prejudice because petitioner failed to establish that he was entitled to 28 U.S.C. §2241 *habeas corpus*

relief as permitted under the "savings clause" of 28 U.S.C. §2255(e). See <u>Efrain Benitez v. Fredrick Menifee</u>, No. 1:07-cv-0707.

On July 11, 2008 petitioner filed the instant petition for writ of *habeas corpus* pursuant to §2241. He now argues that he is entitled to proceed pursuant to the "savings clause" because §2255 is inadequate and ineffective based on the following:

> (1) Article 9 paragraph 4 of the International Covenant on Civil and Political Rights ... states that 'anyone who is deprived of his liberty by ... detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if his detention is not lawful.' The habeas corpus statute specifically provides that a person held in violation of a Treaty can petition for habeas corpus. 28 U.S.C. §2255 does not cover treaty violations.
>
> (2) A federal prisoner denied a full and fair hearing on the §2255 motion has an 'inadequate or ineffective' remedy under §2255 and thus is entitled to proceed in federal habeas corpus...
>
> (3) A mixed petition – defined as a petition consisting of matters related to the imposition and execution of sentence – cannot be considered in a 2255 motion which is limited to the imposition of a single federal sentence. A federal prisoner who cannot get total and complete relief in a §2255 motion is entitled to proceed with a §2241 habeas petition...
>
> (4) This case also involves a miscarriage of justice, and a fundamental defect in the proceedings for which there is no adequate or effective remedy except habeas corpus under 28 U.S.C. §2241... [rec. doc. 1, ¶13]

In support of his claims for relief, petitioner asserts:

    1. That he is a citizen of Mexico;

2. That following his arrest, neither the government nor his defense counsel notified him of his right to consult with Mexican embassy or consular officials as provided by Article 36(1)(b) of the Vienna Convention, 28 C.F.R. 50.5(a), or 8 C.F.R. 242.2(g);

3. This failure resulted in the denial of due process and amounts to "reversible error." [rec. doc. 1, pp. 5-8]

### *Law and Analysis*

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

28 U.S.C. §2255 provides in pertinent part:

A prisoner in custody under sentence of a court
established by Act of Congress claiming the right to be
released upon the ground that the sentence was imposed
in violation of the Constitution or laws of the United
States, or that the court was without jurisdiction to
impose such sentence, or that the sentence was in
excess of the maximum authorized by law, or is
otherwise subject to collateral attack, may move the
court which imposed the sentence to vacate, set aside
or correct the sentence.

Unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no
relief, the court shall cause notice thereof to be
served upon the United States attorney, grant a prompt
hearing thereon, determine the issues and make findings

4

of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

\* \* \*

<u>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u> ... (Emphasis supplied)

Under the clear terms of the statute, petitioner's current *habeas* application cannot be entertained because he failed to apply for relief by filing a §2255 motion in the United States Court for the Middle District of Florida, the court where he was convicted and sentenced.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy § 2255's "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). As shown above, the "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 but only if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his

5

detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner attacks his convictions and alleges that he was convicted in violation of his Constitutional right to due process because provisions of the Vienna Convention or other international treaties and various federal regulations were violated when he was arrested, indicted, and prosecuted in the Middle District of Florida. Notwithstanding petitioner's assertion to the contrary, such claims are more properly raised in a Motion to Vacate filed pursuant to §2255.[1]

Therefore, as shown above, petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is

---

[1] Petitioner implies that he has presented a "mixed petition" – consisting of matters related to the imposition and execution of sentence – however a liberal reading of the pleading refutes that claim. As shown above, the instant petition raises only claims concerning the constitutionality of petitioner's convictions.

6

"inadequate or ineffective to test the legality of his detention." Contrary to petitioner's assertions, under Fifth Circuit law, petitioner may establish that §2255's remedy is "inadequate or ineffective" ONLY by showing that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904.[2]

Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by Circuit law at the time when they should have been raised either at his trial, appeal, or during the time he was eligible to seek review by filing a Motion to Vacate, his *habeas corpus* petition must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

---

[2] Furthermore, and in any event, the Fifth Circuit has previously held that a "Vienna Convention claim would not qualify for application of the 'savings clause' set forth in 28 U.S.C. § 2255" since such a claim challenges the petitioner's conviction rather than the execution of his sentence. See Wright v. Rasbeary, 145 Fed.Appx. 458 (5th Cir.2005).

7

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, Dec __, __,

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8